**DENY; and Opinion Filed May 22, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00549-CV

### IN RE JAY COOPER, Relator

**Original Proceeding from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 006-02636-2018**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Reichek
Opinion by Justice Schenck

Relator Jay Cooper is a vexatious litigant subject to a prefiling order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a). Cooper appealed an October 19, 2018 judgment for possession of property in a forcible entry and detainer appeal without first obtaining permission from the local administrative judge as required by the prefiling order. That appeal is pending in this Court and docketed as cause number 05-19-00064-CV. The local administrative judge denied Cooper's request for permission to appeal by written order on April 1, 2019. In this original proceeding, Cooper seeks a writ of mandamus directing the local administrative judge to vacate the April 1, 2019 order and grant Cooper permission to appeal the October 18, 2018 judgment. We deny the petition.

The denial of permission to file a litigation is not an appealable order. TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f). A vexatious litigant subject to a prefiling order who is denied permission to file a litigation may apply for a writ of mandamus within thirty days of the decision.

TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f). Courts will grant mandamus relief to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by appeal. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

The appropriate local administrative judge may grant a vexatious litigant permission to file a litigation "only if it appears to the judge that the litigation (1) has merit; and (2) has not been filed for the purposes of harassment or delay." TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(d). Here, Cooper's three-page motion for permission to appeal includes no discussion of why the appeal has merit and does not explain why Cooper wants to appeal the judgment. Attached to the motion is a 98-page, single-spaced draft appellate brief and a 293–page appendix to the brief that appears to include items that would be in a clerk's record and reporter's record. The draft appellate brief includes thirty-four appellate issues, but includes no cogent arguments as to why the judgment should be reversed. The motion and brief do not set out the scope of the judgment, do not explain why Cooper wants to appeal the judgment, and do not discuss why the appeal has merit.

Under this record, we conclude the local administrative judge did not abuse her discretion by denying permission to appeal because she could not discern from Cooper's motion and attachments that the appeal has merit and has not been filed for the purposes of harassment or delay. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/David J. Schenck/
DAVID J. SCHENCK
190549F.P05                    JUSTICE